GUCCI AMERICA, INC.,

      Plaintiff,

vs.

AMPTDRESS, *et al.*,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of Preliminary Injunction (the "Motion") [DE 6]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

By the instant Motion, Plaintiff, Gucci America, Inc. ("Plaintiff") moves for entry of a preliminary injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" hereto (collectively "Defendants") pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court convened a hearing on October 7, 2019, at which only counsel for Plaintiff was present and available to present evidence supporting the Motion. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will now grant Plaintiff's Motion for Preliminary Injunction.

# I. Factual Background[1]

Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Gucci Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| GUCCI | 0,876,292 | September 9, 1969 | IC 018 – pocketbooks, wallets, travel and duffel bags, attache cases, toilet cases sold empty and shoe bags.<br><br>IC 018 – umbrellas.<br><br>IC 021 – vacuum bottles, compacts sold empty and vanity cases sold empty.<br><br>IC 025 – shoes and boots. |
| (crest design) | 1,097,555 | July 25, 1978 | IC 025 – neckties, scarves, footwear, shirts, sweaters, and coats. |
| GG | 1,106,722 | November 21, 1978 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, and bathing suits. |
| GG | 1,107,311 | November 28, 1978 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, partly and wholly of leather, key cases, passport cases, cosmetic cases, attache cases, valises, suitcases, duffles. |
| (Green Red Green Stripe Design) | 1,122,780 | July 24, 1979 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, attache cases, valises, suitcases, duffles, and key cases. |
| (GG interlocking design) | 1,158,170 | June 23, 1981 | IC 025 – clothing-namely, neckties, scarves, belts, footwear, shirts, coats, hats, dresses, and bathing suits. |

---

[1] The factual background is taken from Plaintiff's Amended Complaint, Motion, and supporting Declarations submitted by Plaintiff.

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| GUCCI | 1,168,477 | September 8, 1981 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dressing gowns, hats, socks, dresses, and bathing suits. |
| (Green Red Green Stripe Design) | 1,483,526 | April 5, 1988 | IC 025 – footwear. |
| (Blue Red Blue Stripe Design) | 1,511,774 | November 8, 1988 | IC 018 – purses, handbags, shoulder bags, clutch bags, and tote bags. |
| | 3,039,629 | January 10, 2006 | IC 025 – footwear and belts. |
| | 3,039,630 | January 10, 2006 | IC 018 – wallets, purses, handbags, tote bags, business card cases, credit card cases and key cases, partly or wholly of leather. |
| | 3,072,547 | March 28, 2006 | IC 025 – neckties, scarves, belts, footwear and gloves. |
| | 3,072,549 | March 28, 2006 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 3,378,755 | February 5, 2008 | IC 009 – eyeglass frames and sunglasses.<br><br>IC 014 – jewelry and watches.<br><br>IC 016 – agendas and notebooks.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles.<br><br>IC 025 – scarves, belts, footwear, shirts, sweaters, coats, suits. |
|  | 4,220,947 | October 9, 2012 | IC 014 – jewelry.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffel bags.<br><br>IC 025 – neckties, scarves, belts, footwear and gloves. |
|  | 4,229,081 | October 23, 2012 | IC 014 – jewelry.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attache cases, valises, suitcases and duffel bags.<br><br>IC 025 – neckties, scarves, belts, footwear and gloves. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| (Green Red Green Stripe Design) | 4,379,039 | August 6, 2013 | IC 025 – shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, cloth bibs, scarves, ties, hats, gloves, suspenders, belts. |
| *Gucci* | 4,555,556 | June 24, 2014 | IC 009 – bicycle helmets; eyewear.<br><br>IC 012 – bicycles.<br><br>IC 018 – backpacks, cosmetic cases sold empty partly and wholly of leather.<br><br>IC 025 – scarves, belts, footwear, t-shirts, shirts, pants, blazers, sweatshirts, sweat pants, hats, and dresses. |
| (GG design) | 4,563,071 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic devices and computers.<br><br>IC 014 – watches. |
| GUCCI | 4,563,098 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic communication devices and computers; computer application software for all mobile devices, namely, software for providing information in the field of fashion, the arts and lifestyle. |
| GUCCI | 4,563,132 | July 8, 2014 | IC 018 – handbags, shoulder bags, clutch bags, tote bags, briefcases, business card cases, credit card cases, backpacks, key cases, passport cases, cosmetic cases sold empty, valises, suitcases, luggage, all the foregoing being made in whole or in part of leather; pet accessories, namely, carriers, collars and leashes; pet collar accessories, namely, charms. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| (Green Red Green Stripe Design) | 4,567,112 | July 15, 2014 | IC 014 – jewelry and key rings of precious metal.<br><br>IC 009 – eyeglasses and sunglasses and cases therefor; protective covers and cases for mobile electronic communication devices and computers; cell phone straps; computer carrying cases.<br><br>IC 018 – cosmetic cases sold empty, suitcases, luggage, duffle bags, diaper bags partly and wholly of leather; pet accessories, namely, carriers, collars and leashes. |
| | 4,583,258 | August 12, 2014 | IC 009 – protective covers and cases for mobile electronic communications devices and computers; computer cases made of leather.<br><br>IC 014 – watches.<br><br>IC 018 – backpacks, trollies, baby bags, computer cases made of leather, garment bags, pet accessories, namely, carriers, collars and leashes; pet collar accessories, namely, charms.<br><br>IC 025 – clothing, namely, shirts and jackets. |
| | 5,073,022 | November 1, 2016 | IC 018 – handbags and wallets.<br><br>IC 025 – belts and footwear. |
| BLIND FOR LOVE | 5,183,371 | April 11, 2017 | IC 018 – handbags, tote bags, shoulder bags, pouches of leather, travelling cases of leather and leather credit card cases and holders. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 5,279,452 | September 5, 2017 | IC 014 – watches.<br><br>IC 018 – handbags, shoulder bags, tote bag and wallets.<br><br>IC 025 – clothing, namely, scarves, neckties and footwear. |

(*See* Declaration of Jessica Haugen in Support of Plaintiff's Motion for Preliminary Injunction ("Haugen Decl.") ¶¶ 4-5; *see also* United States Trademark Registrations of the Gucci Marks at issue attached as Composite Exhibit 1 to the Amended Complaint.) The Gucci Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (*See id.* ¶ 5.)

Defendants, by operating e-commerce stores via Internet marketplace platforms under their seller identification names or commercial Internet websites under their domain names identified on Schedule "A" hereto (the "Seller IDs and Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Gucci Marks. (*See* Haugen Decl. ¶¶ 10-14; Declaration of T. Raquel Wiborg-Rodriguez in Support of Plaintiff's Motion for Preliminary Injunction ("Wiborg-Rodriguez Decl.") ¶ 2; Declaration of Kathleen Burns in Support of Plaintiff's Motion for Preliminary Injunction ("Burns Decl.") ¶ 4; Declaration of Eric Rosaler in Support of Plaintiff's Motion for Preliminary Injunction ("Rosaler Decl.") ¶ 4.)

Although each Defendant may not copy and infringe each Gucci Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the Gucci Marks. (*See* Haugen Decl. ¶¶ 10-14.) Defendants

are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Gucci Marks. (*See id.* at ¶¶ 10, 13-14.)

Plaintiff's counsel retained Invisible Inc and AED Investigations, Inc. ("AED"), both licensed private investigative firms, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiff's branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's branded merchandise through the Seller IDs and Subject Domain Names. (Haugen Decl. ¶ 11; Burns Decl. ¶ 3; Rosaler Decl. ¶ 3; Wiborg-Rodriguez Decl. ¶ 2.) Invisible Inc and AED collectively accessed each[2] of the e-commerce stores and commercial Internet websites operating under Defendants' Seller IDs and Subject Domain Names, placed an order for the purchase of a product bearing counterfeits of, at least, one of the Gucci Marks at issue in this action, and requested each product to be shipped to one of their addresses in the Southern District of Florida. (*See* Burns Decl. ¶ 4; Rosaler Decl. ¶ 4.) Following submission of the orders, Invisible Inc and AED finalized payment for the Gucci branded items purchased from Defendants to Defendants' respective payment accounts and/or payee[3] as identified on Schedule

---

[2] Invisible Inc made purchases from each Defendant as identified on Schedule "A" to the Declaration of Kathleen Burns in Support of Plaintiff's Application for Preliminary Injunction. (*See* Burns Decl. ¶ 4, n.2.) However, during the preparation and filing of the Application for Preliminary Injunction, some Defendants changed their seller identification name. (*Id.*)

[3] Defendant Numbers 1-50 operate via the non-party Internet marketplace platform, Amazon.com. (*See* Burns Decl. ¶ 4 n.3; Rosaler Decl. ¶ 4 n.1; Wiborg-Rodriguez Decl. ¶ 5.) Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. (*See id.*)

Defendant Numbers 51-107 and 117 use money transfer and retention services with PayPal, Inc. (*See* Burns Decl. ¶ 4; Wiborg-Rodriguez Decl. ¶ 6.)

Upon completion of Invisible Inc's purchase from Defendant Number 63 and AED's purchases from Defendant Numbers 100-107, no PayPal e-mail account was provided on the transaction

"A" hereto.[4] (*Id.*) At the conclusion of the process, the detailed web page captures and images of the Gucci branded items Invisible Inc and AED purchased via Defendants' Seller IDs and Subject Domain Names, together with photographs of the some of the items Invisible Inc received, were sent to Plaintiff's representative for review. (*See* Haugen Decl. ¶ 12; Burns Decl. ¶ 4; Rosaler Decl. ¶ 4; Wiborg-Rodriguez Decl. ¶ 2.) Plaintiff's representative conducted a review and visually inspected the Gucci branded items Invisible Inc and AED purchased via the Seller IDs and Subject Domain Names and determined the products were non-genuine, unauthorized versions of Plaintiff's products. (*See* Haugen Decl. ¶¶ 13-14.)

On September 12, 2019, Plaintiff filed its Complaint [DE 1] and thereafter its Amended Complaint on October 4, 2019 [DE 18] against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On September 12, 2019, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 6]. On September 17, 2019, this Court entered an Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") [DE 8] and temporarily restrained Defendants from infringing the Gucci Marks at issue and restrained funds in the

---

page. (*See* Burns Decl. ¶ 4 n.4; Rosaler Decl. ¶ 4 n.2.) However, PayPal is able to identify a PayPal account using the Transaction ID. (*See id.*) Accordingly, the Transaction IDs for Invisible Inc's and AED's purchases from Defendant Numbers 63 and 100-107 are identified on Schedule "A" (*See id.*)

The payee for the orders placed from Defendant Numbers 108-116's Wish.com Seller IDs identifies "PayPal *Wish." (*See* Burns Decl. ¶ 4 n.5; Wiborg-Rodriguez Decl. ¶ 7.) "WISH (ContextLogic Inc.)" is the named PayPal recipient for individual transactions conducted with sellers through Wish.com. (*Id.*)

Defendant Number 118 use money transfer services with TransferWise Inc. (*See* Burns Decl. ¶ 4; Wiborg-Rodriguez Decl. ¶ 8.)

[4] Additional contact email addresses for Defendant Numbers 117 and 118 are is also identified on Schedule "A" hereto. (*See* Burns Decl. ¶ 4 n.6; Wiborg-Rodriguez Decl. ¶ 3.)

9

payment accounts associated with the Defendants. Pursuant to the Court's September 17, 2019 TRO, Plaintiff properly served Defendants with a copy of the Complaint, the Court's September 17, 2019 TRO, and all filings in this matter [*see* DE Nos. 20 and 21]. On October 7, 2019, the Court conducted a hearing on Plaintiff's Motion, at which only counsel for Plaintiff was in attendance.

## II.   Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.   Conclusions of Law

The declarations Plaintiff submitted in support of its Motion support the following conclusions of law:

A.   Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the Gucci Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Gucci Marks.

B.   Because of the infringement of the Gucci Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following

specific facts, as set forth in Plaintiff's Amended Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendants own or control e-commerce stores via Internet marketplace platforms or commercial Internet websites operating under their seller identification names and domain names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the Gucci Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous

with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Amended Complaint, Motion, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Motion for Preliminary Injunction [DE 6] is **GRANTED**, according to the terms set forth below:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Gucci Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and
>
> b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the Gucci Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Gucci Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession

of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Gucci Marks, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores and Internet websites owned and operated, or controlled by them, including the Internet based e-commerce stores and Internet websites operating under the Seller IDs and Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Gucci Marks, or any confusingly similar trademarks, within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores and Internet websites registered, owned, or operated by any Defendant, including the Internet based e-commerce stores and Internet websites operating under the Seller IDs and Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce stores or Internet websites operating under their Seller IDs and Subject Domain Names during the pendency of this action, or until further order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores or Internet websites under their Seller IDs

and Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores or Internet websites operating under the Seller IDs and Subject Domain Names that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), TransferWise Inc ("TransferWise"), and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores and Internet websites operating under the Seller IDs and Subject Domain Names, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court;

(7) Upon receipt of notice of this Order, Defendants and any money transmitters, including but not limited to, TransferWise, and their related companies and affiliates, shall further, to the extent not already done, put a hold on and prohibit the withdraw and transfer of funds in any money transfer accounts used by Defendants for the receipt of funds in connection with the sale of goods bearing and/or using counterfeits and/or infringements of the Gucci Marks;

(8) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, PayPal, ContextLogic, TransferWise, and their related companies and affiliates, shall further, to the extent not already done, provide the Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, ContextLogic, TransferWise, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(9) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(10) This Order shall apply to the Seller IDs and Subject Domain Names, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names and websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Gucci Marks at issue in this action and/or unfairly competing with Plaintiff;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a

wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(12) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace websites and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to Amazon.com, Inc., PayPal, eBay.com, ContextLogic, TransferWise, and their related companies and affiliates shall, to the extent not already done, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs;

(13) This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of October, 2019.

_____
RODNEY SMITH
United States District Judge

Copies provided to:

Counsel of Record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, SUBJECT DOMAIN NAME, FINANCIAL ACCOUNT INFORMATION, STORE URL, AND E-MAIL ADDRESS

| Def. No. | Defendant / Seller ID | Financial Account Information | Store URL / Customer Service E-mail |
|---|---|---|---|
| 1 | AMPTdress | AM0Y5MQC3BRGD | |
| 2 | Big Different Store | A3MZL9PO82W5MF | |
| 3 | BOLBanana *a/k/a* DZH | A3SB0V061CEEA8 | |
| 4 | Boutique. | A1HJD81J8Q4I26 | |
| 5 | BruceMarry | AW5N7YOKBIWWL | |
| 6 | China Culture and Art | A3BYMVW9HW3B22 | |
| 7 | Cyclyyoo Store | A1HWLKZ9KXQAZQ | |
| 8 | Dale Nixon | A34AAJYFQ3FVGZ | |
| 9 | DeRoseStore | AGND7OBE183ZN | |
| 10 | DF24ddhg1 | A2VS2UAA8S53XR | |
| 11 | Dorapocket | A3Q8H5FJOY270Z | |
| 12 | DUOAI | A7QIYBQNYANH9 | |
| 13 | EleeFun | A18QIYPCFOQOLE | |
| 14 | EXPEDER | A12VR8BD9YFS77 | |
| 15 | Fendona | A24ZJXKYQN7IXJ | |
| 16 | Harry Brown | A219K90V095X5W | |
| 17 | HOtsell *a/k/a* afsfddsgfgh | A39J22BZB45SQ9 | |
| 18 | KDUST | AJ6JGJBZQTYQV | |
| 19 | langfangyingfabaowencailiaoyouxiangongsi | A1U9FSOX0S08K7 | |
| 20 | Leadlion | A2QYI3K782T5VW | |
| 21 | MAGOR | A9M9OG58PGJEN | |
| 22 | MAKGOT | A3FG8CJ1DDD8B1 | |
| 23 | MengXiangShangMao | A1UKXMTPFGGPQF | |
| 24 | Mingyuming | A1AE8PBXQUQTZ0 | |
| 25 | MoYoTo | A31JPCJVXCS1XQ | |
| 26 | naizhelun | A372K72U6WFLF9 | |
| 27 | NicebeltL *a/k/a* HustonMc | A271U4XS1OQYYX | |
| 28 | qSkAif76xn | AG3IBCJZXQZB1 | |
| 29 | Queenchanelv | A1UKHPF6Q51DME | |
| 30 | Rainbow after Storm | A1N2J3YS40EKBF | |
| 31 | ranmei89 | A1N7K5TZKQ24CI | |
| 32 | run2019belt | A12BNCGNYZTXG3 | |
| 33 | Sasa eShop | A3Q14VV9KDFIDU | |
| 34 | ShannonSIsom | AZCIRHK56XFV6 | |
| 35 | Sun Hui Bo | AXU327NW4289D | |

| Def. No. | Defendant / Seller ID | Financial Account Information | Store URL / Customer Service E-mail |
|---|---|---|---|
| 36 | Suzanne Aldridge | A2K2WWFMEDC60V | |
| 37 | T TOP | A34DTF29NVF61K | |
| 38 | Tian Tao2 | A3I0TMBOPRARUL | |
| 39 | TYMYsmyx | A1IKWQ2N0RSMTX | |
| 40 | Usbandbug *a/k/a* Mlover | AJ6K1BJZG0D47 | |
| 41 | YoGEE-Official | A29WJYZRP96VCN | |
| 42 | youlongky | A2D874I0QQQL2X | |
| 43 | yunguantui7fr | A1DDJMOIC44B56 | |
| 44 | yuyue20 | A3IUHLBAB6ZAF4 | |
| 45 | ZERSGF | A1HCDIT91XJMTS | |
| 46 | CCLOIUY& | A1BT2MEY7WRX8V | |
| 47 | daituanjie321 | A1A117JMUJPO27 | |
| 48 | kjelaeg | A18L3WOLHA1SSQ | |
| 49 | Liangdfgh | A2NU1TJR926K3Q | |
| 50 | TBETECH | A1Z27LCTU8YTR0 | |
| 51 | 4827069 | xiaodianx0403@163.com | |
| 52 | ananmaru_0 | anangmaruf3444@gmail.com | |
| 53 | andrea_case | andrealistiantty@gmail.com | |
| 54 | anxia_8857 | dosfilm236@126.com | |
| 55 | asas8598 | bendrissasmae@gmail.com | |
| 56 | asno_45 | aslanoman8819@outlook.com | |
| 57 | bagupambud_0 | Onerepaircomputer@gmail.com | |
| 58 | bani-007 | akhweis2009@hotmail.com | |
| 59 | bizworld-99 | damithsales@gmail.com | |
| 60 | blackrose838 | blackrosepay@yahoo.com | |
| 61 | breto3998 | ricardh866@yahoo.com | |
| 62 | cakep_65 | Cakepflady@gmail.com | |
| 63 | chicbali | Transaction ID: 6CC0538242012442D | |
| 64 | chuangtianjingmi | 17728606807@163.com | |
| 65 | dananindr0 | rigalapinago@gmail.com | |
| 66 | denbast | lepaderapol@gmail.com | |
| 67 | evbis-47 | eviemors@outlook.com | |
| 68 | fangche_38 | neixiang25189@sina.com | |
| 69 | goodagain20179 | xowssa254789@sina.com | |
| 69 | sincerity7440 | xowssa254789@sina.com | |
| 70 | gzllshumei | taishanxi6667@sina.com | |
| 71 | haryope | soyawelanapo@gmail.com | |
| 72 | homesepuluh0 | akunrezeki40@gmail.com | |
| 73 | huamanlou25_0 *a/k/a* weba5869 | maxiaoquan8858@163.com | |
| 74 | jiucheng51009047 | jiucheng5100904@163.com | |

| Def. No. | Defendant / Seller ID | Financial Account Information | Store URL / Customer Service E-mail |
|---|---|---|---|
| 75 | leste_mell | melly.lester8924@yahoo.com.au | |
| 76 | maddpe-39 | maddigopn@outlook.com | |
| 77 | maulanric0 | CatricelynCoons@gmail.com | |
| 78 | meldpratam-0 | meldapratama59@gmail.com | |
| 79 | mendis-groups | mendisgroups@gmail.com | |
| 80 | moshan_29 | shuncheng454269@sina.com | |
| 81 | qipej2548 | a45461990@sina.com | |
| 82 | qpbh9129 *a/k/a* high-quality-bag | 18520566080@163.com | |
| 83 | qunla-84 | fengruilu6549@sina.com | |
| 84 | shouyashi475455-3 | htjyc0852@163.com | |
| 85 | soufiane09 | soufiane-benhima09@outlook.fr | |
| 86 | stars_jersey | sayad.real@gmail.com | |
| 87 | store1081 *a/k/a* luxury1081 | draoui_1081@hotmail.com | |
| 88 | ts49cd | ts49cd8@163.com | |
| 89 | w13716706723 | geili2114@126.com | |
| 90 | wpeeq7772 | anguolu2871@sina.com | |
| 91 | xinge47763 | xinge4776@sina.com | |
| 92 | xjub9500 | shimiao13hao@sina.com | |
| 93 | xuweihai6688 | xuweihai456@126.com | |
| 94 | yaguangdianzi_86 | hongyaguangdianzi@outlook.com | |
| 95 | yehaha-store | yahroni9@gmail.com | |
| 96 | zeroyiyang | zhangxs@sohu.com | |
| 97 | zhigaowusi447 | chaxiang6859@126.com | |
| 98 | zhu81-93 | zhu81851313@163.com | |
| 99 | zuozuowang | yeyu06052876@163.com | |
| 100 | aagun-22 | Transaction ID: 8V963295H37651740 | |
| 101 | albmelod_0 | Transaction ID: 0TW708430B465503E | |
| 102 | custom_g | Transaction ID: 2PG970980H417240R | |
| 103 | jokid24 | Transaction ID: 3PP82053S51497037 | |
| 104 | krisna_store | Transaction ID: 74026054HF6375843 | |
| 105 | lent.e.rab22 | Transaction ID: 7U185761KP191830W | |
| 106 | lutfhad-7 | Transaction ID: 22706978T2383400T | |
| 107 | ujansugand-0 | Transaction ID: 5FT8745599701061E | |

| Def. No. | Defendant / Seller ID | Financial Account Information | Store URL / Customer Service E-mail |
|---|---|---|---|
| 108 | aygxyyouth0106 | PAYPAL *WISH | https://www.wish.com/merchant/5aa1f41d2fbbdc2564750876 |
| 109 | BYHUA | PAYPAL *WISH | https://www.wish.com/merchant/5911aac14cb6762991bc5e83 |
| 110 | dhyyouth0119 | PAYPAL *WISH | https://www.wish.com/merchant/5a03fb9aeea5c573afed6043 |
| 110 | jinfeng zhang | PAYPAL *WISH | https://www.wish.com/merchant/5ac1aef5823a3e73cfbe768a |
| 111 | FANSER | PAYPAL *WISH | https://www.wish.com/merchant/596cad3acdf3291fa50f6069 |
| 112 | GSLS | PAYPAL *WISH | https://www.wish.com/merchant/5abd970b22fad71d2e32e4ea |
| 113 | jwkj | PAYPAL *WISH | https://www.wish.com/merchant/5971a386ec40ae735e897dbd |
| 114 | ninping6224 | PAYPAL *WISH | https://www.wish.com/merchant/58d12ee3acb37b6bbd5d3402 |
| 115 | wangwangh | PAYPAL *WISH | https://www.wish.com/merchant/5915d6414cb67610dade8dd4 |
| 116 | zhaoxiaojiededianpu | PAYPAL *WISH | https://www.wish.com/merchant/59292f01ff46145c81f5ebe6 |
| 117 | bestluxurycases.com | diekuo@gmail.com | Voguelords@gmail.com |
| 117 | topluxurycases.com | diekuo@gmail.com | |
| 118 | hignice.com | TransferWise E-mail: 274244030@qq.com | qianzhao2010@gmail.com |